**In re Alice Lee JOHNSON, Debtor.**

**Bankruptcy No. 382–03237.**

United States Bankruptcy Court, M.D. Tennessee.

Nov. 14, 1983.

Steve C. Norris, Nashville, Tenn., for debtor.

Henry E. Hildebrand, III, Nashville, Tenn., Trustee.

James M. Jones, Nashville, Tenn., for Genesco Employees Credit Ass'n.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtor Alice Lee Johnson's objection to the creditor Genesco Employees Credit Association's (hereinafter "Genesco") amended proof of claim filed on March 7, 1983. After consideration of the evidence presented at the hearing, stipulations, exhibits, briefs of the parties and the entire record, this court concludes that this claim should be disallowed. The court further finds that the debtor's confirmed Chapter 13 plan must provide payments to Genesco equal to the present value of Genesco's secured claim at the time of the filing of this bankruptcy petition, which amount is $1,369.56 plus interest at the current market rate on the date that this plan was confirmed.

The following shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The debtor filed a voluntary Chapter 13 wage earner petition in this court on October 6, 1982. In her Statement of Schedules and Affairs, the debtor listed the "amount due or claimed by" Genesco as $1,039.37. The statement further reflected that Genesco's claim was secured by a 1979 Buick Regal valued at $4,800.00.

The debtor proposed a 52 month Chapter 13 plan with Genesco receiving monthly payments of $45.00. This plan did not indicate when the payments to Genesco would cease.

On November 1, 1982, Genesco filed a proof of claim in the debtor's bankruptcy case for $1,369.56. This claim represented the balance due at the time of the filing of the debtor's petition on a promissory note signed by the debtor with Genesco on April 5, 1982. This note had provided for payment to Genesco of $1,789.41 with interest at the rate of 15% over a period of 30 months. The proof of claim stated that the debt was secured by the 1979 Buick which Genesco valued at $5,575.00. In addition, the following written statement appeared on the proof of claim:

"Our Claim is For $1,369.56 Plus Interest At The Court Approved rate."

Genesco, along with all other creditors and parties in interest, was mailed an order and notice setting the debtor's meeting of creditors on November 23, 1982. This order informed all secured creditors that the value of their collateral might be considered at the meeting of creditors and notified all creditors that the treatment of their claim by the debtor's proposed Chapter 13 plan would also be considered and that the debtor might adjust or modify the proposed treatment at that time. The order and notice further stated that a hearing on the confirmation of the debtor's plan would be held promptly following the conclusion of the meeting of creditors.

Genesco failed to appear at the meeting of creditors despite this clear warning that

the status and treatment of its claim would be considered. At the conclusion of the meeting of creditors, the court held a confirmation hearing and confirmed the debtor's plan. The plan provided that Genesco as a fully secured creditor would retain its lien and be paid $45.00 per month. Although the plan was to extend for 36 months, it does not indicate when payments to Genesco would cease. And, except for a vague reference that secured creditors would receive "the value of their security as indicated," the plan does not specify the total amount of money that Genesco would be paid under the plan.[1]

On March 7, 1983, approximately three months after the confirmation of the debtor's plan, Genesco filed another proof of claim alleging that the debtor owed Genesco an additional $366.19 at the time of the filing of the bankruptcy petition. The consideration for this debt was stated as "Present Value payments over time." The debtor has now objected to this proof of claim.

■ Genesco's second proof of claim for $366.19, which amount apparently represents the unmatured interest on the note between the debtor and Genesco, must be disallowed. Section 502(b)(2) expressly prohibits allowance of this type of claim.[2]

This finding does not, however, end the court's inquiry. The question remains whether the debtor's plan makes provision for the payment of interest on Genesco's fully secured claim. The record is far from clear on this point. While Genesco's original proof of claim requested payment of its claim "plus interest at the court approved rate," the confirmed plan does not state that Genesco is to receive such interest. The debtor argues that the plan's silence implies that Genesco was not to receive any interest on its secured claim.

The court cannot accept the debtor's assumption that this Chapter 13 plan does or can fail to pay Genesco interest on its fully secured claim. In reaching this conclusion, the court is guided by § 1325(a)(5) of the Bankruptcy Code and the teachings of the Sixth Circuit Court of Appeals in *Memphis Bank & Trust Co. v. Whitman*, 692 F.2d 427 (6th Cir.1982). 11 U.S.C.A. § 1325(a)(5) (West 1979) provides as follows:

"(a) The court shall confirm a plan if—

. . . . .

(5) with respect to each allowed secured claim provided for by the plan—

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; . . . ."

To be confirmed, the debtor's plan must provide for Genesco's claim in one of the three aforementioned ways. Neither § 1325(a)(5)(A) nor (C) has been satisfied in this case. The debtor has not surrendered the automobile, which is the collateral for the secured claim, to the creditor nor has the creditor affirmatively accepted the plan as envisioned by the debtor. Genesco's failure to object to the plan as confirmed creates no inference that Genesco intended to forego any payment of interest on its se-

---

1. Even though the plan provides for total payments by the debtor of $11,856.00 over a 36 month period, it is impossible to calculate the exact portion of this amount which Genesco would receive. This difficulty arises principally from the provision that the amount to be paid to unsecured creditors, which the debtor estimates at approximately 20%, is uncertain.

2. 11 U.S.C.A. § 502(b)(2) (West 1979) provides:

"(b) Except as provided in subsections (f), (g), (h) and (i) of this section, if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—

. . . . .

(2) such claim is for unmatured interest. . . ."

cured claim. To the contrary, Genesco stated in its proof of claim that it expected to receive interest at the court approved rate and the plan itself provides no provision expressly negating Genesco's request.

Confirmation of the plan thus depended upon compliance with § 1325(a)(5)(B). In *Memphis Bank & Trust Company,* the Sixth Circuit Court of Appeals stated that § 1325(a)(5)(B) "seems to require the Bankruptcy Court to assess interest on the secured claim for the present value of the collateral (if it is not to be paid immediately) in order not to dilute the value of that claim through delay in payment." *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d at 429. The court then proceeded to set forth guidelines for bankruptcy courts to follow for valuing secured claims in Chapter 13 cases. These criteria explicitly recognize that the value of a secured claim to be paid under the plan must include the amount of the claim as of the date of the filing of the debtor's bankruptcy petition *plus interest.* The court specifically held that, in the absence of special circumstances, bankruptcy courts should apply the "current market rate of interest used for similar loans in the region" as of the effective date of the plan. *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d at 430–431. Although the court did not elucidate what special circumstances would permit deviation from the current market rate formula, the court did emphasize that the bankruptcy court should present good reasons to justify such deviation. *Memphis Bank & Trust Co. v. Whitman,* 692 F.2d at 431. The court did suggest that an adjustment might be made if a substantial difference existed between the market rate and the contract rate agreed on by the parties. *Memphis Bank & Trust Company Co. v. Whitman,* 692 F.2d at 431 n. 3.

The Sixth Circuit's analysis in *Memphis Bank & Trust Company* would require Genesco to receive interest on its fully secured claim in order for this Chapter 13 plan to have been confirmed. Since the plan fails to specify the rate of interest, the court will utilize the "current market rate"

standard and establish the interest rate to be 15%. The original note between Genesco and the debtor dated April 5, 1982, set forth a 15% interest rate, the current market rate at that time, and this rate had not changed appreciably on November 23, 1982, the date the plan was confirmed.

The court will accordingly enter an order disallowing Genesco's proof of claim for $366.19. Furthermore, since some uncertainty exists regarding the treatment of Genesco's secured claim in the debtor's Chapter 13 plan, the court will order that the plan be modified under § 1329(a)(1) to reflect that Genesco shall be paid $1,369.56, the amount of its claim at the time of the filing of the debtor's Chapter 13 petition, plus 15% interest.

IT IS, THEREFORE, SO ORDERED.